IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET E. WENKE and ANTHONY TORTORICE, | ) ) ) | CIVIL DIVISION |
| Plaintiffs | ) | No. 2:23-cv-3593 |
| v. | ) ) | |
| PROGRESSIVE INSURANCE COMPANY, | ) ) ) | |
| Defendant | ) | |

**NOTICE OF REMOVAL**

NOW, comes the Defendant, Progressive Insurance Company ("Progressive"), by and through its attorneys, Burns White LLC, and files this Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq*. Progressive submits that the United States District Court for the Eastern District of Pennsylvania has original diversity jurisdiction over this civil action and this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. § 1446. In further support of this Notice of Removal, Progressive states as follows:

1. Plaintiffs initiated this action by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania on August 17, 2023. A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. On August 24, 2023, Plaintiff filed an Affidavit / Return of Service. A true and correct copy of the Affidavit / Return of Service is attached hereto as Exhibit B.

3. Upon information and belief, the documents which are attached hereto as Exhibits A and B constitute all of the pleadings, process, and orders which were filed in connection with the state court action.

4. Plaintiffs are adult individuals residing in Glen Mills, Pennsylvania.

5. Both at the time Plaintiffs initiated this action and at the time of this Removal, Plaintiffs were and are citizens of Pennsylvania.

6. "Progressive Insurance Company" is not a legal or corporate entity capable of being sued.

7. Progressive Northern Insurance Company issued the insurance policy at issue in this matter.

8. Progressive Northern Insurance Company is not incorporated in Pennsylvania, nor does Progressive Advanced Insurance Company have its principal place of business in Pennsylvania.

9. Rather, Progressive Northern Insurance Company is a Wisconsin corporation with its principal place of business in Ohio with an address of 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

10. Both at the time Plaintiffs initiated this action and at the time of this Removal, Progressive Northern Insurance Company was and is a citizen of Wisconsin and Ohio.

11. Plaintiffs allege that they are entitled to underinsured motorist benefits pursuant to an automobile insurance policy that provided $1,000,000 in underinsured motorist benefits, subject to all of the terms and conditions of the policy.

12. Plaintiffs also allege that they are entitled to first party medical benefits pursuant to an automobile insurance policy that provided $177,500 in combined first party benefits, subject to all of the terms and conditions of the policy.

13. Plaintiffs also allege that Progressive violated Pennsylvania's bad faith statute, 42 Pa. C.S.A. § 8371, and seeks punitive damages, interest, and attorney's fees.

14.     The Third Circuit Court of Appeals has held that "attorneys' fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action." Suber v. Chrysler Corp., 104 F.3d 578 (3d Cir. 1997).

15.     In Suber, the Third Circuit found that it was reasonable to assume that at least $10,000 in attorney's fees would be incurred for purposes of determining the amount in controversy.

16.     Similarly, punitive damages are properly considered in determining the amount in controversy for the purpose of determining whether the jurisdictional amount has been satisfied. See Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1046 (3d Cir. 1993).

17.     Courts within the Third Circuit have held that removal is proper where punitive damages based upon a multiplier of the alleged compensatory damages is sufficient to meet the amount in controversy.  See Hatchigan v. State Farm Ins. Co., 2013 WL 3479436 (E.D. Pa. July 11, 2013); Harvey v. United States Life Ins. Co., 2008 WL 2805608 (E.D. Pa. 2008).

18.     As Plaintiffs allege that they are entitled to underinsured motorist coverage pursuant to an automobile insurance policy that provided $1,000,000 in underinsured motorist coverage and medical benefits pursuant to an automobile insurance policy that provided $177,500 in combined first party medical benefits, as well as punitive damages, interest, and attorney's fees, the amount in controversy exceeds the jurisdictional requirement of $75,000.

19.     Because Plaintiffs and Progressive are citizens of different states, and because the amount in controversy exceeds $75,000, the United States District Court for the Eastern District of Pennsylvania has original jurisdiction over this matter. See 28 U.S.C. § 1332.

20. Section 1332 confers original jurisdiction over all civil matters where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

21. Progressive submits that this matter may be removed to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441, which permits removal of any civil action to the district courts that have original jurisdiction.

WHEREFORE, Defendant removes this civil action to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BURNS WHITE LLC

By: s/Daniel J. Twilla
Daniel J. Twilla (PA I.D. 93797)
E-mail: djtwilla@burnswhite.com
Kathleen P. Dapper (PA I.D. 315993)
E-mail: kpdapper@burnswhite.com
Burns White Center
48 26th Street
Pittsburgh, PA  15222
(412) 995-3286 – Direct
(412) 995-3300 – Fax
*Attorneys for Defendant*