# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2023**

E-Filing Number: 2308036324

**01800**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MARGARET WENKE | PROGRESSIVE INSURANCE COMPANY, ALIAS: C/O GOEBEL INSURANCE AGENCY, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 5 CHRISTOPHER DRIVE GLEN MILLS PA 19342 | 2026 S. 12TH STREET PHILADELPHIA PA 19148 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| ANTHONY TORTORICE | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 5 CHRISTOPHER DRIVE GLEN MILLS PA 19342 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

AUG **17** 2023

**G. IMPERATO**

IS CASE SUBJECT TO
COORDINATION ORDER?

YES        NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MARGARET WENKE , ANTHONY TORTORICE

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JEFFREY L. DASHEVSKY | DASHEVSKY, HORWITZ, KUHN & NOVELLO, P.C. 1315 WALNUT STREET, 12TH FLOOR PHILADELPHIA PA 19107 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)546-4488 | (215)732-6220 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 66624 | jdashevsky@dashevskylaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JEFFREY DASHEVSKY | Thursday, August 17, 2023, 08:53 am |

FINAL COPY (Approved by the Prothonotary Clerk)

DASHEVSKY, HORWITZ, KUHN,
NOVELLO & SHORR, P.C.
By: Jeffrey L. Dashevsky, Esquire
Identification No. 66624
1315 Walnut Street, 12th Floor
Philadelphia, Pennsylvania 19107
Tele: (215) 546-4488; Fax: (215) 732-6220
E-mail: JDashevsky@DashevskyLaw.com

THIS IS A MAJOR NON-JURY MATTER
ASSESSMENT OF DAMAGES Attested by the
HEARING IS REQUIRED of Judicial Records
17 AUG 2023 08:53 am
G. IMPERATO

**ATTORNEY FOR PLAINTIFF**

---

MARGARET E. WENKE & ANTHONY TORTORICE, W/H
5 Christopher Drive
Glen Mills, PA 19342

vs.

PROGRESSIVE INSURANCE COMPANY
c/o Goebel Insurance Agency, Inc.
2026 S. 12th St
Philadelphia, Pennsylvania 19148

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

NO.:

---

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
Telephone: 215-238-1701

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE COMO ALQUILAR UN ABOGADO. SI USTED NO TIENE DINERO PARA ALQUILAR UN ABOGADO, ESTA OFICINA PUEDE PROVEER A USTED CON INFORMACION DE AGENCIAS QUE PUEDE OFRECER SERVICIOS LEGALES A PERSONAS ELEGIBLE A UN COSTO REDUCIDO O SIN COSTO NINGUNO.

ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO
DE REFERENCIA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Teléfono: 215-238-1701

Case ID: 230801800

### CIVIL ACTION COMPLAINT

1.      Plaintiffs, Margaret E. Wenke and Anthony Tortorice, w/h, are adult individuals who reside at 5 Christopher Drive, Glen Mills, PA 19342.

2.      Defendant, Progressive Insurance Company, is a business entity licensed to transact insurance business with a principle place of business and/or registered agent/agency located in the care of Goebel Insurance Agency, Inc., 2026 S. 12th St, Philadelphia, Pennsylvania 19148

3.      By the terms of an insurance policy issued to Plaintiff, Margaret E. Wenke, the Defendant, Progressive Insurance Company, provided insurance coverage for Plaintiff in accordance with the Motor Vehicle Financial Responsibility Laws of Pennsylvania (75 Pa. C.S. Section 1702, et seq.) which was in full force and effect on March 28, 2017.

4. On or about March 28, 2017, Plaintiff, Margaret Wenke, did own, possess, control, and operate a certain motor vehicle involved in the accident, hereinafter more specifically set forth.

5.      On or about March 28, 2017, the tortfeasor, Andrew Carango, did operate, possess, and control another certain motor vehicle involved in the accident, hereinafter more specifically set forth.

6.      On or about March 28, 2017, plaintiff, Margaret Wenke, was the owner/operator of a motor vehicle which was traveling in a westwardly direction on Reed Road at/near Sproul Road in Marple Township, Delaware County, Commonwealth of Pennsylvania.

7.      On or about March 28, 2017, tort feasor, Andrew Carango, was traveling in a northwardly direction on Sproul Road, Marple Township, Delaware County, Commonwealth of Pennsylvania when at/near its intersection with Reed Road, he so carelessly, recklessly and negligently disregarded a controlling steady red traffic signal and entered the intersection and crashed into plaintiff's motor vehicle which was then and there lawfully proceeding into the intersection, causing plaintiff to sustain serious personal injuries, damages and losses.

8.      At the time and place aforesaid, the carelessness, recklessness, and negligence of the tortfeasor, Andrew Carango, consisted of the following:

Case ID: 230801800

a)   Operating the said automobile at a high and excessive rate of speed under the circumstances;

b)   Failing to have the said vehicle under proper and adequate control;

c)   Failing to give proper and sufficient notice of his approach;

d)   Operating the said vehicle without due regard for the rights, safety, and position of the Plaintiff;

e)   Violating the various ordinances and laws of the County of Delaware and/or the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

f)   Failing to exercise due care and caution under the circumstances;

g)   Failing to maintain an assured clear distance;

h)   Failing to maintain a proper lookout;

i)   Disregarding traffic controls and/or conditions;

j)   Being inattentive;

k)   Negligent entrustment of a vehicle under the circumstances;

l)   Disregarding a controlling red traffic signal;

m)   Being otherwise negligent under the circumstances;

n)   Any other acts or omissions which constitute negligence, carelessness, and/or reckless indifference for the safety of the Plaintiff, and that are discovered in the discovery process as promulgated by the Pennsylvania Rules of Civil Procedure or at the trial of the case.

9. As a direct result of the tortfeasor, Andrew Carango's, carelessness, negligence and recklessness as aforesaid, Plaintiff, Margaret E. Wenke, sustained various severe, permanent and progressive internal and external injuries in and about her head, body, limbs and psyche, as well as various other and more particular injuries and conditions that may be established physically, mentally, emotionally and cognitively, all of which have caused her and will continue to cause her great pain, agony and frustration and have prevented her and will continue to prevent her in the future from attending to her daily duties and occupation, all to her

great financial damage and loss.

10.     Further, by reason of the aforesaid, Plaintiff, Margaret Wenke, has been obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure herself of her said serious and permanent injuries, and will be obliged to expend additional sums of money for the same purposes in the future, all to her great financial damage and loss.

11.     As a further result of the accident and the injuries sustained therein, Plaintiff, Margaret Wenke, has and/or may suffer an impairment of her earning capacity and/or power which earning capacity and/or power has and/or may exceed the sum recoverable under the limitations of the Pennsylvania Motor Vehicle Financial Responsibility Law.

12.     As a direct result of the accident aforesaid, Plaintiff, Margaret Wenke, has and will hereinafter incur additional financial and/or medical expenses or losses which will exceed amounts, which she may otherwise be entitled to recover under the Pennsylvania Motor Vehicle Financial Responsibility Law.

### COUNT I
### MARGARET WENKE VS. PROGRESSIVE INSURANCE COMPANY
### UNDERINSURED MOTORIST BENEFITS CLAIM

13.     Plaintiff, Margaret Wenke, incorporates herein by reference the averments contained in Paragraphs 1 through 12, inclusive, as fully as though the same were herein more fully set forth at length.

14.     On or about September 30, 2021, the tortfeasor, Andrew Carango, tendered his full motor vehicle liability insurance policy benefits limits in the amount of $100,000.00.

15.     At all times, relevant and material hereto, the motor vehicle operated by the tortfeasor, Andrew Carango, was "underinsured".

16.     Plaintiff gave timely and reasonable notice to Defendant, Progressive Insurance Company, of her intentions to proceed with an Underinsured Motorist claim based upon the full tender of the tortfeasor's liability insurance policy benefits limits.

17.     There is no mandatory Arbitration clause in Defendant, Progressive Insurance Company's, automobile insurance policy, more particularly, with regard to an Underinsured Motorist benefits claim, thus forcing litigation of plaintiff's claim through the public court system, where she will be forced to incur time, costs and expenses associated with public litigation.

18.     Under the laws of the Commonwealth of Pennsylvania, Defendant, Progressive Insurance Company, is required to provide Underinsured Motorist benefits for Plaintiffs under policy number 65476377-6 (Claim No.: 17-5715613).

WHEREFORE, Plaintiff, Margaret E. Wenke, demands judgment against the Defendant, Progressive Insurance Company, for the aforesaid Underinsured Motorist benefits in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs and reasonable attorneys fees in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law and Plaintiffs' Automobile Insurance Policy number 65476377-6 (Claim No.: 17-5715613) with Progressive Insurance Company.

<div align="center">

**COUNT II**
**MARGARET E. WENKE V. PROGRESSIVE INSURANCE COMPANY**
**FIRST PARTY PERSONAL INJURY PROTECTION ("P.I.P.") BENEFITS CLAIM**

</div>

19.     The averments contained in paragraphs 1-18 are incorporated herein by reference as though the same were fully set forth herein at length.

20.     On or about March 28, 2017, and for sometime prior thereto, Defendant, Progressive Insurance Company, was duly qualified to conduct and transact business within the Commonwealth of Pennsylvania and was empowered to execute insurance policies with the general characters hereinafter described.

21.     By the terms of an insurance policy issued to plaintiff, Margaret E. Wenke, the Defendant, Progressive Insurance Company, provided coverage in accordance with the provisions of the Motor Vehicle Financial Responsibility Law, 75 Pa. C.S. Section 1702, et seq., and the said policy of insurance was in full force and effect on March 28, 2017.

22.     On said date, Plaintiff, Margaret E. Wenke, was involved an accident with another motor vehicle, which accident resulted in serious personal injuries to Plaintiff.

23.     As a direct result of this accident, Plaintiff has been and will continue to be obliged to receive and undergo medical attention and care and to expend various sums of money or to incur various medical expenses properly due and allowable under the terms of the policy of insurance and she may be obliged to continue to expend such sums or incur expenditures for an indefinite period of time in the future.

24.     As a result of the accident, plaintiff, Margaret E. Wenke, has suffered or may suffer a loss of earnings or impairment of earning capacity and power which loss of income is recoverable under 75 Pa. C.S. Section 1712 and under the policy of insurance.

25.     On July 5, 2017, Plaintiff, Margaret E. Wenke, gave timely and reasonable notice to Progressive Insurance Company, of her intention to pursue a medical claim under Progressive Insurance Company's policy of insurance. A copy of said letter is attached hereto, incorporated herein by reference and marked as Exhibit "A".

26.     Plaintiff, Margaret E. Wenke, did give notice to said Defendant in writing and submitted to said Defendant reasonable proof of the amount of loss and expenses paid or incurred.

27.     The plaintiff did, from time to time thereafter, submit to the Defendant the amounts of loss sustained because of expenses paid or incurred for health and medical benefits.

28.     Defendant, Progressive Insurance Company, in spite of repeated demands by the Plaintiff, has only made partial payment on the benefits to which Plaintiff is entitled pursuant to the Defendant's insurance policy, and Defendant's partial payments are contrary to the terms and conditions of said policy.

29.     More particularly, but not by way of limitation, Defendant, Progressive Insurance Company, has wrongfully refused to make payments for any and all accident-related healthcare services, beyond September 8, 2022, more particularly, for Philadelphia Smart Pain and Wellness, Samuel R. Gradofsky, M.D., Philadelphia Surgery Center, Inc., and Anesthi Plus, Inc., for surgical injections, procedures, consultations and evaluations in the year 2023, more particularly, March 21, 2023 and April 21, 2023 and into the future.

30.     Despite submission and reasonable proof and demand for payment, the Defendant has not paid the Plaintiff said benefits to which Plaintiff is entitled under the policy of insurance, nor has the Defendant committed itself to pay such benefits monthly as they accrue or in any other way, contrary to the terms and conditions of the policy of insurance.

31.     As a result of Defendant's failure to pay the aforesaid benefits, Plaintiff, Margaret E. Wenke, has been forced to incur attorneys fees and legal expenses in an effort to collect the amount that is now past due.

32.     The Pennsylvania Motor Vehicle Financial Responsibility Law provides that in addition to counsel fees and costs, plaintiff is entitled to interest at twelve (12%) percent per annum when the insurer refuses or fails to make payment.

33.     The aforesaid breach and resulting damages are due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

WHEREFORE, Plaintiff, Margaret E. Wenke, seeks the following damages:

     i.      Medical expenses after September 8, 2022;

     ii.     Reasonable attorney's fees for time expended of at least $300.00 per hour;

     iii.    Interest at the rate of twelve (12%) percent per annum;

     iv.     Costs in this action; and

     v.      Any other relief this Court deems necessary and proper.

## COUNT III
## MARGARET E. WENKE V. PROGRESSIVE INSURANCE COMPANY
## PIP CLAIM

34.     Plaintiff, Margaret E. Wenke, incorporates herein by reference the averments contained in Paragraphs 1 through 33, inclusive, as though the same were herein set forth at length.

35.     At all times relevant and material hereto Defendant, Progressive Insurance Company, was subject to the provisions of the Pennsylvania Unfair Insurance Practices Act, 40 Pa. C.S.A., Chapter 4, Section 1171.1 et. seq.

36. Defendant's conduct as set forth above, violates the Pennsylvania Unfair Insurance Practices Act, 40 Pa. C.S.A., Chapter 4, Section 1171.1 et. seq. in the following manner:

(a) Making, publishing, issuing or circulating any estimate, illustration, circular, statement, sales presentation, mission, comparison, which misrepresents the benefits, advantages, conditions or terms of insurance policy;

(b) Misrepresenting pertinent facts or policy contract provisions relating to coverages at issue;

(c) Failing to acknowledge and to act promptly upon written or oral communications with respect to claims arising under insurance policies;

(d) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

(e) Failing to affirm or deny coverage or claims within a reasonable time period after proof of false statement has been completed and communicated to the company or its representatives;

(f) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which the company's liability under the policy has become reasonably clear;

(g) Compelling persons to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due and ultimately recovered in actions brought by such person;

(h) Failing to promptly settle claims, where liability has become reasonably clear, under on portion of the insurance policy coverage in order to influence settlement under other policies of insurance;

(i) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of claim or for the offer of a compromised settlement.

37.     By virtue of the fact that Defendant has failed to comply with the standards established n the Unfair Insurance Practices Act as set forth above, Defendant has violated the Unfair Insurance Practices and Consumer Protection Law, 73 Pa. CSA Chapter 4, Section 201-1 et. seq. in the following manner:

> (a)     Defendant has engaged in unfair methods of competition and/or unfair or deceptive acts or practices in the context of any trade or commerce in violation of Section 201-3;
>
> (b)     Defendants have engaged in improper conduct which has created a likelihood or confusion or of misunderstanding in violation of Section 201-2(4)(XVII).

38.     Defendant has continuously denied paying the medical bills in the aforementioned paragraphs of the complaint.

39.     Formal demand for payment of said medical bills was made on numerous occasions.

40.     Defendant's failure to settle this claim in a prompt, fair and equitable fashion constitutes violation of the Consumer Protection Law for which plaintiff seeks damages.

41.     Further, Defendant's violation of the Pennsylvania Unfair Insurance Practices Act constitutes an Unfair Trade Practice under the Unfair Trade Practices and Consumer Protection Law.

WHEREFORE, pursuant to Section 201-9.2 of the aforementioned Unfair Trade Practices and Consumer Protection Act, Plaintiff prays this Honorable Court grant the following relief:

(a)     Up to three times the amount of unpaid medical bills and/or wage loss;

(b)     Up to three times the amount of interest accrued to date;

(c)     Up to three times the cost of this suit and reasonable attorneys fees;

(d)     Delay damages; and

(e)     Any other relief this Court deems necessary and proper.

<div align="center">

**COUNT IV**
**MARGARET E. WENKE V. PROGRESSIVE INSURANCE COMPANY**
**PIP CLAIM**

</div>

42.     Plaintiff, Margaret E. Wenke, incorporates herein by reference the averments contained in Paragraphs 1 through 41, as though the same were herein set forth at length.

43.     At all times relevant and material hereto Defendant, Progressive Insurance Company, was subject to 42 Pa. C.S.A. Section 8371, Actions on Insurance Policies.

44.     At all times relevant and material hereto, Defendant, Progressive Insurance Company, did act in bad faith to the Plaintiff, Margaret E. Wenke, in the following particulars:

(a)     Failing to acknowledge and act properly upon written or oral communications with respect to claims arising under insurance policy;

(b)     Refusing to pay claims without conducting a reasonable investigation basing upon all available information;

(c)     Failing to affirm or deny coverage of claims within a reasonable time after proof of statement had been completed and communicated to the company or its representatives;

(d)     Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims;

(e)     Failing to provide the appropriate explanation of benefits to the Plaintiff;

(f)     Compelling Plaintiff to institute litigation to recover amounts due under the applicable insurance policy;

(g)     Failing to provide a reasonable explanation for the basis in the insurance policy in relation to the facts where applicable law for the denial of claim or for the offer of a compromised settlement.

45.     As a direct and proximate result of Defendant's actions as aforesaid, plaintiff has been forced to incur attorney's fees and legal expenses in an effort to collect the amounts that are now past due.

WHEREFORE, Plaintiff requests judgment against Defendant for all unpaid medical expenses as aforesaid, interest, costs, attorney fees and punitive damages as permitted under 42 Pa. C.S.A., Section 8371.

## COUNT V
## ANTHONY TORTORICE VS. PROGRESSIVE INSURANCE COMPANY
## LOSS OF CONSORTIUM CLAIM

46.  Plaintiff, Anthony Tortorice, incorporate herein by reference the averments contained in Paragraphs 1 through 45, inclusive, as fully as though the same were herein more fully set forth at length.

47.  Plaintiff, Anthony Tortorice, is the husband of Plaintiff, Margaret Wenke, and resides with her at 5 Christopher Drive, Glen Mills, PA 19342.

48.  As a direct result of the Defendants' carelessness, recklessness, and negligence as aforesaid Plaintiff, Anthony Tortorice, was for a period of time deprived, may and probably will in the future be deprived of the society, assistance and support of his wife, Margaret Wenke, all of which has been and will continue to be to his great financial, physical, psychological and emotional damage.

WHEREFORE, Plaintiff, Anthony Tortorice, demands judgment against the Defendant, Progressive Insurance Company, for the aforesaid Underinsured Motorist benefits in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, costs and reasonable attorneys fees in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law and Plaintiffs' Automobile Insurance Policy number 65476377-6 (Claim No.: 17-5715613) with Progressive Insurance Company.

DASHEVSKY, HORWITZ, KUHN
NOVELLO & SHORR, P.C.

BY: _____

JEFFREY L. DASHEVSKY
Attorney for Plaintiffs



1315 Walnut Street, 12th Floor, Philadelphia, PA 19107
T 215.546.4488 | F 215.732.6220

10 Grove Street, Haddonfield, NJ 08033
T 856.354.1700 | F 856.216.9554

*Respond to Philadelphia Office

**Edwin Dashevsky, Esquire**

July 5, 2017

Progressive Insurance Company
P.O. Box 512926
Los Angeles, CA   90051
Attn: Danya Williams

| RE: | Your Insured | : | **Margaret Wenke** |
|---|---|---|---|
| | Our Client | : | **Margaret Wenke** |
| | PIP Claim Number | : | **17-571613** |
| | Date of Accident | : | **March 28, 2017** |
| | Our File Number | : | **ED- 20301690** |

Dear Ms. Williams:

Please be advised, that our firm has been retained to represent Margaret Wenke, Esquire, for personal injuries sustained as a result of an automobile accident which occurred on March 28, 2017, the particulars of which accident are set forth above.

Enclosed herewith is the completed Application for Benefits form on behalf of my client. When I am in receipt of medical bills and reports, copies of the same will be forwarded promptly to your attention for payment.

Please note, that all future correspondence and/or communication regarding this claim should be directed to my attention.  Should I not be available when you call, please do not hesitate to speak to my paralegal, Ms. Gabriele Velasquez, who is assisting me in the processing of this claim.

Thank you in advance for your courtesy and cooperation.

Very truly yours,

EDWIN DASHEVSKY

ED/bg
Enclosure
cc: Margaret Wenke, Esquire

EXHIBIT " A "

www.DashevskyLaw.com

Case ID: 230801800



Case ID: 230801800

July 5, 2017
Page 2

P.S. In order that our file is complete, I am requesting that you please forward promptly to my attention a complete copy of your insured's policy which was in effect on the day of the accident, including a copy of your insured's Tort Selection Form and confirmation of UM/UIM coverage, and if so, in what amount. Thank you.

PENNSYLVANIA
MOTOR VEHICLE FINANCIAL RESPONSIBILITY LAW
APPLICATION FOR BENEFITS

| DATE 6/8/17 | OUR POLICYHOLDER MArGArEt Wenke | DATE OF ACCIDENT 3/28/17 | FILE NUMBER 17-5 71613 |
|---|---|---|---|

TO ENABLE US TO DETERMINE IF YOU ARE ENTITLED TO BENEFITS UNDER THE PENNSYLVANIA MOTOR VEHICLE
FINANCIAL RESPONSIBILITY LAW, PLEASE COMPLETE THIS FORM AND RETURN IT PROMPTLY.

TO: DANYA WilliAms
Claim Dept.
(Claims Address of Company and Phone No.)

Progressive Ins. Co.
P.O. Box 512926
Los Angeles CA 90051

| Applicant's Name MArgAret Wenke | Phone Nos. | Home | Business |
|---|---|---|---|

Your Address (No., Street, City or Town, State and Zip Code) 5 Christopher Dr, Glen Mills PA 19342    Date of Birth 10-20-61    Social Security No. 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

Owner of Vehicle You Occupied, or Operated MArgAret Wenke    Place of Accident (Street, City or Town and State) on Reed Rd At/near Sproul Rd Broomall PA

Brief Description of Accident I was The operAtor of a vehicle involved
in An Automobile Accident As A result of which
I sustained injuries.

Describe Automobiles Owned By You or Any Member of Your Family Residing in the Same Household:

| Automobile | Owner | Insurer | Policy Number |
|---|---|---|---|
| 2012 Mercedez Benz | MArgAret Wenke | Progressive | |

As a Result of this Accident Were You Injured? Yes ☒ No ☐   If Your Answer Is Yes, Complete the Rest of this Form
Signature:                                                                 Date:

Describe Your Injury Personal injuries involving various
PArts of The body

| Were You Treated By A Doctor Or Other Person Furnishing Health Services? Yes ☒ No ☐ | Name and Address of Such Person DR MArc ArAT 2 BAlA PlAzA BAlaCynwyd PA |
|---|---|

| Amount of Health Bills To Date $ | Will You Have More Health Expense? Yes ☒ No ☐ | At the Time of Your Accident Were You in the Course of your Employment? Yes ☐ No ☒ |
|---|---|---|

| Did You Lose Time From Work? ☐ Yes ☐ No   TBP | If Yes, How Much Time? TBP | What Is Your Average Weekly Earnings? $ TBP |
|---|---|---|

| If You Lost Time: Date Disability From Work Began: TBP | Date You Returned To Work: TBP |
|---|---|

Have You Received Or Are You Eligible For Any Medical Or Disability Benefits Under:
Worker's Compensation ☐ Yes ☐ No      State Required Non-Occupational Disability Benefits ☐ Yes ☐ No
Federal Social Security ☐ Yes ☐ No      Any Other Governmental Benefits Program ☐ Yes ☐ No

List Names And Addresses Of Your Employers And Other Employers For One Year Prior To Accident And Give Occupation And Dates Of Employment.

| Employer and Address | Occupation | From | To |
|---|---|---|---|
| Cannor Weber & Oberlies | Trial Attorney | 2011 | Present |
| | | | |
| | | | |

As A Result Of Your Injury Have You Had Any Other Expenses? ☐ Yes ☐ No   If Yes, Attach Explanation And Amounts of Such Expenses.

ANY PERSON WHO KNOWINGLY AND WITH INTENT TO DEFRAUD ANY INSURANCE COMPANY OR OTHER PERSON FILES AN
APPLICATION FOR INSURANCE OR STATEMENT OF CLAIM CONTAINING ANY MATERIALLY FALSE INFORMATION OR
CONCEALS FOR THE PURPOSE OF MISLEADING, INFORMATION CONCERNING ANY FACT MATERIAL THERETO COMMITS A
FRAUDULENT INSURANCE ACT, WHICH IS A CRIME AND SUBJECTS SUCH PERSON TO CRIMINAL AND CIVIL PENALTIES.

The Applicant Authorizes The Insurer To Submit Any And All Of These Forms To Another Party Or Insurer If Such Is Necessary
To Protect Its Rights Of Recovery Provided For Under This Act.

Signature: X                                                       Date: 6/8/17

IMPORTANT: 1.   To Be Eligible For Benefits You Must Complete And Sign This Application
2.   You Must Also Sign Any Attached Authorization(s).
3.   Return Promptly With Copies Of All Bills You Have Received To Date.
4.   Use Reverse Side If Necessary.

Case ID: 230801800

THIS AUTHORIZATION OR PHOTOCOPY HEREOF, WILL AUTHORIZE YOU TO FURNISH ALL INFORMATION YOU MAY HAVE REGARDING MY WAGES, SALARY OR OTHER LOSS WHILE EMPLOYED BY YOU.  YOU ARE REQUIRED TO PROVIDE THIS INFORMATION IN ACCORDANCE WITH THE PENNSYLVANIA MOTOR VEHICLE FINANCIAL RESPONSIBILITY LAW.

MARGReT WenKe

NAME ( Print or Type)

X _____ 6/8/17

SIGNATURE                                            DATE

SOCIAL SECURITY NUMBER   184 - 56 - 1722

DO NOT DETACH

AUTHORIZATION FOR RELEASE OF HEALTH SERVICE OR TREATMENT INFORMATION

THIS AUTHORIZATION OR PHOTOCOPY HEREOF, WILL AUTHORIZE YOU TO FURNISH ALL INFORMATION YOU MAY HAVE REGARDING MY CONDITION WHILE UNDER YOUR OBSERVATION OR TREATMENT, INCLUDING THE HISTORY OBTAINED, X-RAY AND PHYSICAL FINDINGS, DIAGNOSIS AND PROGNOSIS. YOU ARE REQUIRED TO PROVIDE THIS INFORMATION IN ACCORDANCE WITH THE PENNSYLVANIA MOTOR VEHICLE FINANCIAL RESPONSIBILITY LAW.

MARGAReT WenKe

NAME (Print or Type)

X _____ 6/8/17

SIGNATURE (If a minor, parent or guardian shall sign and indicate capacity and relationship)    DATE

Case ID: 230801800

## V E R I F I C A T I O N

I, Margaret Wenke, make this verification subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities. The attached pleading is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation for the prosecution of this lawsuit. The language contained in the pleading is that of counsel and not mine. I have read the pleading, and to the extent it is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon my counsel in making this verification.

MARGARET WENKE

Dated: _August 17, 2023_